UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22432-CIV-ZLOCH

ARMANDO LACASA and
VINCENT J. MAZZILLI,

    Plaintiffs,

vs.                                              **O R D E R**

PENELOPE TOWNSLEY, as the
Miami-Dade County Supervisor
of Elections,

    Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiffs' Emergency Motion For Preliminary Injunction (DE 9).  The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

    Plaintiffs initiated the above-styled cause with the filing of their Complaint (DE 1) on June 29, 2012, seeking a declaration that "Plaintiffs, and all registered Miami-Dade County voters, have the right to vote in the 2012 Democratic Primary for the State Attorney for Miami-Dade County."  DE 1, p. 12.  Thereafter, Plaintiffs filed an Amended Complaint (DE 6) and Emergency Motion For Preliminary Injunction (DE 9).  In her Opposition To Motion For Preliminary Injunction (DE 18), Defendant Penelope Townsley, as the Miami-Dade County Supervisor of Elections requests that Plaintiffs' Motion (DE 9) be denied because, among other reasons, Plaintiffs have failed to join two indispensable parties—"the State of Florida, through

the Secretary of State and State Elections Canvassing Commission." DE 18, p. 17.  For the following reasons, the Court finds that Plaintiffs have failed to join the Secretary of State and the State Elections Canvassing Commission, that they should be joined and that their joinder is feasible.  The Court will therefore deny the instant Motion (DE 9).

When assessing whether a party must be joined in order for a case to proceed, the Court employs a two-step test.  <u>United States v. Rigel Ships Agencies, Inc.</u>, 432 F.3d 1282, 1291 (11th Cir. 2005).  First, it must decide, under the standard articulated in Rule 19(a),[1] whether the party at issue is one that should be

---

[1] Rule 19(a) of the Federal Rules of Civil Procedure provides as follows:

(a) <u>Persons Required to Be Joined if Feasible</u>.

(1) <u>Required Party</u>. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) <u>Joinder by Court Order</u>. If a person has not been

joined if feasible.  <u>Focus on the Family v. Pinellas Suncoast Transit Authority</u>, 344 F.3d 1263, 1279-80 (11th Cir. 2003) (quoting <u>Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.</u>, 669 F.2d 667, 669 (11th Cir. 1982)).  If that question is resolved in the negative, then, and only then, the Court will consider the factors enumerated in Rule 19(b) to determine whether "in equity and good conscience the action should proceed among the existing parties or should be dismissed."  Fed R. Civ. P. 19(b); <u>see also</u> <u>Laker Airways, Inc. v. British Airways, PLC</u>, 182 F.3d 843, 847 (11th Cir. 1999); 7 Wright, Miller & Kane, <u>Federal Practice and Procedure</u>: Civil 3d § 1608 (3d ed. 2001).

This first part of the test might be more clearly understood as involving two separate questions:  whether the non-party should be joined and whether joinder is feasible.  Where both a nonparty should be joined and joinder is feasible, the nonparty is "required" or "necessary" but not necessarily "indispensable."  Further, pursuant to Rule 19(a)(2), the Court must order a required or necessary nonparty to be made a party, rather than dismiss.  Thus, dismissal for failure to join an indispensable party is only appropriate where the nonparty cannot be made a party.  <u>Focus on</u>

---

>joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Fed. R. Civ. P. 19(a).

the Family, 344 F.3d at 1280; Laker Airways, 182 F.2d at 848.  In making the first determination, pragmatic concerns, especially the effect on the parties and the litigation, control.  Focus on the Family, 344 F.3d at 1279-80 (quotation omitted).

The Court finds that non-parties the Secretary of State and the Elections Canvassing Commission should be joined and that their joinder is feasible under Rule 19(a).  Defendant asserts that the Secretary of State and the State Elections Canvassing Commission should be joined because "[s]tate law requires that the Department of State 'shall certify to the supervisor of elections . . . the names of all duly qualified candidates for nomination or election who have qualified with the Department of State.'" DE 18, p. 17 (citing Fla. Stat. § 99.061(6)).  Defendant further asserts that Plaintiffs have erroneously brought suit against the Miami-Dade County Supervisor of Elections, whose role is simply "ministerial," when the suit should have been commenced against the parties who have the authority to qualify candidates in the race, "direct[] the format of the ballot, declare[] the race a 'closed' primary, and [] certify the winner of the election."  DE 18, p. 17.

States are properly joined under Rule 19 when their interests could be detrimentally affected by the outcome of an action.  See 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1617 (3d ed. 2001).  In evaluating whether a state must be added as a party, courts have also considered the authority states

4

generally have over elections.  Conversely, county and local registrars have not been considered necessary parties where they serve purely ministerial roles.  See Lopez v. Monterey County, Cal., 519 U.S. 9, 19 (1996) (noting "the District Court also joined the State as an indispensable party, based on the State's argument that the County was doing nothing more than administering a state statute."); see also Harman v. Forssenius, 380 U.S. 528, 537 n. 14 (1965) (finding that "the State Board of Elections' power to supervise and to insure 'legality in the election process'" rendered the state the proper party to the litigation as opposed to the local registrars).  Here, the State of Florida, through the Secretary of State and the State Elections Canvassing Commission, has an interest that could be detrimentally affected by the outcome of this litigation, as these agencies are charged with the certification of all duly qualified candidates for election.  The Court also finds that by Florida statute, the State, and not the Miami-Dade County Supervisor of Elections, is vested with authority over the election at issue.  Fla. Stat. § 99.061(6).

The Court further finds that complete relief cannot be afforded in the absence of the Secretary of State and the State Elections Canvassing Commission. Fed. R. Civ. P.  19(a)(1)(A).  At the July 12, 2012, Hearing on Plaintiffs' Emergency Motion For Preliminary Injunction (DE 9), Plaintiffs baldly stated that they are not seeking any relief from the Secretary of State and the

5

State Elections Canvassing Commission and have no claim against these non-parties. This assertion flies in the face of Plaintiffs' Complaint. By their Amended Complaint (DE 6), Plaintiffs ask the Court to grant relief that directly implicates the State's authority in overseeing and implementing elections. Plaintiffs assert that "a 'blank space' on a general election ballot is not opposition" and they further request that the Court "[d]eclare that Plaintiffs, and all registered Miami-Dade County voters, have the right to vote in the 2012 Democratic Primary for the State Attorney for Miami-Dade County." DE 6, p. 10 & 12. Judgment in favor of Plaintiffs would be for naught if the Secretary refuses to certify the election results.

The only way the Court can effect Plaintiffs' requested relief is by declaring then-Secretary of State Katherine Harris's Advisory Opinion to be an incorrect interpretation of the Universal Primary Amendment. In order for the Court to properly consider this claim, then, the State of Florida, through the Secretary of State and the State Elections Canvassing Commission, must be added as a party to the litigation.

Further, the necessity of adding the Secretary of State and the State Elections Canvassing Commission is even more apparent when considering the Constitutional claims Plaintiffs set forth in their Complaint (DE 6). Plaintiffs are asserting rights allegedly under the First Amendment of the United States Constitution. See

6

Count II, DE 6, p. 11.  By the Emergency Motion For Preliminary Injunction (DE 9), Plaintiffs provide the standard courts employ when considering burdens placed on the First Amendment right to associate: "Regulations that impose severe burdens on associational rights must be narrowly tailored to serve a compelling state interest.  However, when regulations impose lesser burdens, 'a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions." Clingman v. Beaver, 544 U.S. 581, 586-87 (2005).  The Supreme Court's precedent leading up to the decision in Clingman reflects a thorough weighing of the various interests of the state, political party, and individual voters.  See id. at 594-97 (considering the state interests in "preserv[ing] political parties as viable and identifiable interest groups," "retaining the importance of party affiliation," and preventing party raiding in upholding Oklahoma's semi-closed primary system); California Democratic Party v. Jones, 530 U.S. 567, 582-86 (2000) (holding that California's blanket primary violated political parties' rights of association despite seven state interests that were considered by the Court); Tashjian v. Republican Party of Connecticut, 479 U.S. 208, 219-24 (1986) (considering the state's interests in preventing party raiding, "avoiding voter confusion," and "protecting the integrity of the two-party system and the responsibility of party government"; yet, ultimately holding that the state's interests did not outweigh the party's first amendment rights); Rosario v. Rockefeller, 410 U.S.

7

752, 761 (1973) (considering the "preservation of the electoral process [as] a legitimate and valid state goal" in upholding a state statute creating a closed primary system). Yet, because the State is not a party to the present litigation, a weighing of Plaintiffs' interests against the State's interests, if any, would be hollow in the State's absence, with only the County present to assert the State's interests.[2] Therefore, for all the reasons previously stated, the Court finds that the Secretary of State and the State Elections Canvassing Commission should be added as Defendants in the present litigation.

The Court next addresses the second inquiry of Rule 19(a), whether joinder is feasible. Plaintiffs have offered no reason, such as the destruction of jurisdiction, why joinder of these parties would not be feasible. Focus on the Family, 344 F.3d at 1280. Therefore, the Court finds that joinder of the Secretary of State and the State Elections Canvassing Commission is feasible. Consequently, for the foregoing reasons, the Court finds that the Secretary of State and the State Elections Canvassing Commission should be added as parties to the above-styled cause, and the Court

---

[2] Plaintiffs' Counsel stated at the July 12, 2012, Hearing on Plaintiffs' Emergency Motion For Preliminary Injunction (DE 9) that he was in contact with Daniel Nordby, General Counsel for the Secretary of State of Florida, in regard to whether the State sought to be added as a party to the above-styled cause. Counsel offered that based on Mr. Nordby's assertion that the State did not seek to be added as a Party, Plaintiffs did not add the State as a Defendant. In light of the relevant First Amendment framework set out above, the Court is indeed curious as to why Plaintiffs did not add the State of Florida as a Defendant to the present litigation.

orders that they be added as Defendants consistent with the terms and conditions of this Order. Fed. R. Civ. P. 19(a)(2). Accordingly, the Court need not resolve the question of whether the Secretary of State and the State Elections Canvassing Commission are indispensable under Rule 19(b).

Accordingly after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Emergency Motion For Preliminary Injunction (DE 9) be and the same is hereby **DENIED**, without prejudice and with leave to re-file, upon Plaintiff's filing of a Second Amended Complaint adding the Secretary of State and the State Elections Canvassing Commission as Defendants in the above-styled cause;

2. By noon on Tuesday, July 17, 2012, Plaintiffs shall cause a true and correct copy of this Order, their Second Amended Complaint and Amended Emergency Motion For Preliminary Injunction, to be served upon Defendants the Secretary of State and the State Elections Canvassing Commission, and shall file a completed Return of Service reflecting the same;

3. By noon on Thursday, July 19, 2012, the Secretary of State and the State Elections Canvassing Commission shall file their Response to Plaintiffs' Second Amended Complaint and Amended Emergency Motion For Preliminary Injunction;

4. By noon on Friday, July 20, 2012, Plaintiffs and Defendant Penelope Townsley, as the Miami Dade County Supervisor of Elections, shall file their Response to Defendants the Secretary

of State and the State Elections Canvassing Commission's pleading; and

    5.  Oral Argument on Plaintiffs' Amended Emergency Motion For Preliminary Injunction be and the same is hereby **SET** for <u>Monday, July 23, 2012</u>, at <u>10:00 a.m.</u> before the undersigned in Courtroom A, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this <u>  13th  </u> day of July, 2012.

                                               /s/ William J. Zloch
                                               WILLIAM J. ZLOCH
                                               United States District Judge

Copies furnished:

All Counsel of Record