UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-cv-22432-ZLOCH

VINCENT J. MAZZILLI and
ARMANDO LACASA,

    Plaintiffs,

    v.

PENELOPE TOWNSLEY,
as the Miami-Dade County
Supervisor of Elections,
KEN DETZNER, as the Florida
Secretary of State, and the
ELECTIONS CANVASSING
COMMISSION.

    Defendants.

## SECOND AMENDED
## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs VINCENT J. MAZZILLI and ARMANDO LACASA sue Defendants PENELOPE TOWNSLEY, as the Miami-Dade County Supervisor of Elections, KEN DETZNER, as the Florida Secretary of State, and the ELECTIONS CANVASSING COMMISSION and allege the following:

## INTRODUCTION

1. Every eligible citizen of Miami-Dade County has the right to vote in the election of the County's State Attorney. But because of a gimmick used to close the only primary with candidates for that position, approximately 700,000 registered voters not affiliated with the party holding the primary—more than half of the registered voters in Miami-Dade County—will be shut out of that vote, which will serve as the *de facto* general election.

2. Instead, those registered voters are being relegated to a meaningless general election between the winner of the primary and a "blank space" on a ballot.

3. This would be the first time that all of the voters in Miami-Dade County will not be able to vote in the *de facto* election of their State Attorney. Never before has a blank space on a general election ballot operated to close a winner-take-all State Attorney primary in the State of Florida. And never should it. But unless the requested relief is granted, it will.

## PARTIES

4. Plaintiff VINCENT J. MAZZILLI ("MAZZILLI") is a resident of Miami-Dade County, Florida. MAZZILLI is registered and eligible to vote in Miami-Dade County and is not affiliated with any political party.

5. Plaintiff ARMANDO LACASA ("LACASA") is a resident of Miami-Dade County, Florida. LACASA is registered and eligible to vote in Miami-Dade County and is affiliated with the Republican Party.

6. Defendant PENELOPE TOWNSLEY ("TOWNSLEY") is the Miami-Dade County Supervisor of Elections. TOWNSLEY was appointed by the Miami-Dade County Mayor to lead the Miami-Dade County Department of Elections. TOWNSLEY reports to the Mayor and is under his supervision, pursuant to Articles II, section 2.02 & V, section 5.01 of the Miami-Dade County Charter.

7. Defendant KEN DETZNER is the duly appointed Florida Secretary of State.

8. Defendant the ELECTION CANVASSING COMMISSION exists pursuant to § 102.111, Fla. Stat.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1367. This action involves claims arising under the Constitution of the United States and claims that are so related to those claims arising under the Constitution that they form part of the same case or controversy.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391 because at least one Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**GENERAL ALLEGATIONS & LEGAL BACKGROUND**

11. Florida's election statute creates a "closed" primary election system, making it "unlawful for any elector to vote in a primary for any candidate running for nomination from a party other that in which such elector is registered." § 101.021, Fla. Stat. (2011).

12. Under this statutory scheme, if only one party fields candidates for an office, voters who are not affiliated with that party cannot vote in that party's primary. Even if the party-primary is the determinative election, a non-party member cannot participate.

13. In 1998, the voters of Florida eliminated this disenfranchisement of voters by approving an amendment to the Florida Constitution (the "Universal Primary Amendment") which provides:

> If all candidates for an office have the same party affiliation and the winner will have no opposition in the general election, all qualified electors, regardless of party affiliation, may vote in the primary elections for that office.

Fla. Const. art. VI, § 5(b).

14. Although the Florida Department of State, Division of Elections had regularly declined to provide an opinion on provisions of the Florida Constitution, less than two years later, on May 11, 2000, then Florida Secretary of State Katherine Harris issued an advisory opinion that purported to interpret the Universal Primary Amendment so as to render it meaningless (the "Division of Elections Opinion").

15. The Division of Elections Opinion was issued in response to a request by the Marion County, Florida Supervisor of Elections. The opinion concluded that the appearance on the general election ballot of a blank space ("_____") for a write-in candidate created "opposition" sufficient to avoid the Universal Primary Amendment. *See* Exhibit A.

16. A person can qualify as a "write-in candidate" without the standard requirements of a filing fee, election assessment, or party assessment. *See* § 99.061(4). But "a write-in candidate is not entitled to have his or her name printed on any ballot." § 99.061(4)(b). Instead, a "blank space" is provided under each office for which a write-in candidate has qualified. § 101.151(2)(b), Fla. Stat. (2011).

17. Since the Division of Elections Opinion, Florida's write-in law has been employed as a gimmick to avoid the mandate of voters in the Universal Primary Amendment. Based upon all election data regarding State Attorney, House and Senate races available from the Florida Department of State website:[1]

    a. No write-in candidate has ever won a general election in the state of Florida.

    b. In Miami-Dade County, only 1 write-in candidate has received more than 0.08% of the total Miami-Dade votes in a general election, and that

---

[1] The Florida Department of State publishes election data on its website for the years 1978 through 2010. *See* http://enight.dos.state.fl.us/Index.asp?ElectionDate=11/3/1992&DATAMODE.

candidate received only 462 votes in the general election for State Representative in 2010.

c. Statewide, the average percentage of votes received by all write-in candidates in a general election from 1978 through 2010 is 0.32—less than 1/3 of 1%.

d. In the eleven election cycles immediately prior to the Katherine Harris Opinion, there were only 3 instances in which only one primary election was held and the winner of the primary election faced only write-in candidates during the general election. In the six subsequent election cycles from 2000 through 2010, there were 58 instances of this occurring—–an increase of over 1800% in just over half as many cycles:



e. In the eleven election cycles immediately prior to the Katherine Harris Opinion, only 30 general elections included write-in candidates

statewide. In the six subsequent election cycles from 2000 through 2010, 131 general elections included write-in candidates statewide—an increase of 337% in just over half as many cycles:



In Miami-Dade County, the number jumped from 3 to 39—an increase of 1200%:



7
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse, Coral Gables, Florida 33134

**THE 2012 ELECTION OF THE MIAMI-DADE COUNTY STATE ATTORNEY**

18. On June 14, 2012, the Florida Secretary of State formally qualified the individuals seeking office in the 2012 election for Miami-Dade County State Attorney and directed the Miami-Dade County Supervisor of Election to conduct a closed Democratic primary for State Attorney.

19. On June 19, 2012, the Miami Herald reported that the Democratic primary for the State Attorney for Miami-Dade County would be a "de facto winner-take-all race to be decided by up to just 525,890 registered Democrats."

20. The incumbent State Attorney is Democrat Katherine Fernandez Rundle. Her opponent is Democrat Rod Vereen.

21. Two write-in applications were submitted on the final day of the qualification period. Neither applicant has since reported a penny of campaign finance activity, and neither appears to maintain a campaign website.

22. This appears to be the first time that all of the voters in Miami-Dade County will <u>not</u> be able to vote in the *de facto* election of their State Attorney.

23. Never before has a blank space on a general election ballot operated to close a determinative State Attorney primary in the State of Florida.[2]

---

[2] In fact, a blank space has only once, previously, appeared on a State Attorney general election ballot in Florida. That was in 1992 for the 19th Judicial Circuit. But there was no primary election in that race.

24. Only 529,800 of 1,224,l280 registered voters in Miami-Dade County (43%) will be able to vote based upon the following Miami-Dade County, June 2012 voter registration statistics:[3]

| Self Identification | Total Voters | Ballot Access | No Ballot Access | | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | Democrat | Republican | Other Party | No Party | Total |
| American Ind/Alaskan | 2,197 | 1,188 | 403 | 33 | 573 | 1,009 |
| Asian or Pacific Isl | 12,786 | 5,045 | 2,249 | 162 | 5,330 | 7,741 |
| Black, not Hispanic | 233,931 | 196,732 | 7,745 | 1,602 | 27,852 | 37,199 |
| Hispanic | 657,710 | 195,437 | 265,689 | 9,483 | 187,101 | 462,273 |
| White, not Hispanic | 255,746 | 110,299 | 81,926 | 5,444 | 58,077 | 145,447 |
| Other | 6,332 | 2,861 | 1,252 | 190 | 2,029 | 3,471 |
| Multi-Racial | 471 | 198 | 53 | 17 | 203 | 273 |
| Unknown | 55,207 | 18,040 | 9,206 | 618 | 27,343 | 37,167 |
| **Total** | **1,224,380** | **529,800** | **368,523** | **17,547** | **308,508** | **694,580** |

25. The Charter and Bylaws of the Democratic Party of Florida do not require that its primaries be closed.

26. The Democratic Party of Florida takes no position on whether the Democratic Primary between Fernandez Rundle and Vereen should be open or closed. *See* Exhibit B. And the Democratic Party of Florida asserts <u>no</u> First Amendment interest the closing of this primary. *See id.*

27. Plaintiffs wish to vote in this determinative primary and contend that they are entitled to do so as registered voters of Miami-Dade County. Nevertheless, Defendants will not allow Plaintiffs to vote in the primary and contends that they are not entitled to do so. Accordingly, an actual case or controversy exists.

---

[3] These statistics are available at:
http://www.miamidade.gov/elections/resources_reg-stats.asp.

28. Plaintiffs first learned that the primary would be closed and that they would not be able to participate on June 28, 2012 and filed the instant lawsuit the next day—June 29, 2012.

29. The Democratic Primary will take place on August 14, 2012. Primary absentee ballots will be printed and delivered by mail before then.

## COUNT I
(FLA. CONST. Art. I & VI)

30. Plaintiffs reassert allegations 1 through 29 as if fully asserted herein.

31. Plaintiffs, and all registered Miami-Dade County voters, have the right to vote in the 2012 Democratic Primary for the State Attorney for Miami-Dade County under Articles I and VI of the Florida Constitution notwithstanding any contrary provision of Florida law.

32. Under the Article I of the Florida Constitution, Plaintiffs, and all registered Miami-Dade County voters, have the right to suffrage.

33. Under the Article VI of the Florida Constitution, Plaintiffs, and all registered Miami-Dade County voters, have the specifically enumerated right to vote in a primary where the winner of that primary faces no "opposition," as interpreted under the Florida Constitution, regardless of their party affiliation.

34. A "blank space" on a general election ballot is not opposition.

35. No adequate remedy at law exists for a person denied their right to vote.

36. Without injunctive relief ensuring their ability to vote, Plaintiffs and all registered Miami-Dade County voters, will be irreparably harmed because they will have been forever denied their ability to vote for State Attorney in the determinative election. Such injunctive relief will not be adverse to the public interest, but rather further the public interest of voter participation.

## COUNT II
(U.S. CONST. amend. I & XIV)

37. Plaintiffs reassert allegations 1 through 29 as if fully asserted herein.

38. Plaintiffs, and all registered Miami-Dade County voters, have the right to vote in the 2012 Democratic Primary for the State Attorney for Miami-Dade County under the First and Fourteenth Amendments of United States Constitution notwithstanding any contrary provision of Florida law.

39. Plaintiffs, and all registered Miami-Dade County voters, have the right to vote in state-sponsored, outcome-determinative elections, and in the absence of a countervailing right asserted by a political party in maintaining a closed primary, they have the right to vote in a primary that is the *de facto* election regardless of their party affiliation.

40. Plaintiffs, and all registered Miami-Dade voters, have the right to equal treatment regardless of party affiliation.

41. No adequate remedy at law exists for a person denied their right to vote.

42. Without injunctive relief ensuring their ability to vote, Plaintiffs, and all registered Miami-Dade County voters, will be irreparably harmed because they will have been forever denied their ability to vote for State Attorney in the determinative election. Such injunctive relief will not be adverse to the public interest, but rather further the public interest of voter participation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court:

(a)   Declare that Plaintiffs, and all registered Miami-Dade County voters, have the right to vote in the 2012 Democratic Primary for the State Attorney for Miami-Dade County;

(b)   Enjoin Defendants and any other party from preventing Plaintiffs, and all registered Miami-Dade County voters, who wish to vote by absentee ballot or in person, from voting in the 2012 Democratic Primary for the State Attorney for Miami-Dade County;

(c) Direct Defendants to make a ballot available to the Plaintiffs and all registered Miami-Dade County voters who wish to vote by absentee ballot or in person in the 2012 Democratic Primary for the State Attorney for Miami-Dade County or enter alternative relief that fully protects their federal and state constitutional rights;

(d)   Award Plaintiffs costs; and

(e)   Provide all such other relief as this Court may deem just and proper.

Dated: July 13, 2012

                                                COLSON HICKS EIDSON
                                                255 Alhambra Circle, Penthouse
                                                Coral Gables, Florida  33134
                                                Phone: (305) 476-7400
                                                Fax: (305) 476-7444


                                                By: <u>/s/ Roberto Martinez</u>
                                                    **Lewis S. Eidson, Esq.**
                                                    Fla. Bar No. 151088
                                                    mike@colson.com
                                                    **Roberto Martinez, Esq**.
                                                    Fla. Bar No. 305596
                                                   bob@colson.com
                                                   **Francisco R. Maderal, Esq.**
                                                   Fla. Bar No. 0041481
                                                   frank@colson.com


                                                **Lauri Waldman Ross, Esq.**
                                                Fla. Bar No. 311200
                                                lauri@laurilaw.com
                                                ROSS & GIRTEN
                                                Two Datran Center, Suite 1612
                                                9130 South Dadeland Boulevard
                                                Miami, Florida 33156

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by filing on cm/ecf on July 13, 2012 on all counsel or parties of record on the Service List below.

/s/ Roberto Martinez
Roberto Martinez, Esq.

## Service List

**Oren Rosenthal, Esq.**
Assistant County Attorney
Miami-Dade County Attorney's Office
111 N.W. 1st Street, Suite 2810
Miami, Florida 33128
orosent@miamidade.gov
Tel. (305) 375-5151
Fax. (305) 375-5611

*Counsel for Defendant,*
*Miami-Dade County Supervisor of Elections*